NAME *Eugene Hill*

PRISON NUMBER *E-59311/BYME5-29L.*

*P.O. Box 9*
CURRENT ADDRESS OR PLACE OF CONFINEMENT

*Avenal, California*
CITY, STATE, ZIP CODE

*93204*

**FILED**

APR - 1 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

2254 ___    1983
FILING FEE PAID
Yes ___    No ___
IFP MOTION FILED
Yes ___    No ___
COPIES SENT TO
Court ___    PreSe

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

*Eugene Hill*
(FULL NAME OF PETITIONER)
**PETITIONER**

v.

*V.M. Amueer, Warden (A),*
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**
and

The Attorney General of the State of
California, Additional Respondent.

Civil No

**'08 CV 0600 JM POR**

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:
*Van Nuys Superior Court, County of Los Angeles California*

2. Date of judgment of conviction: *April 17, 1998*

3. Trial court case number of the judgment of conviction being challenged: *WAS -A822011; B053258*

4. Length of sentence: *Life + 5 years with Possibility for Parole*

CIV 68 (Rev. Jan. 2006)

cv



5. Sentence start date and projected release date: *June 22, 1990*

6. Offense(s) for which you were convicted or pleaded guilty (all counts): *P.C. Sec. §664/ 187(a); §12022.5 and §12022.7*

7. What was your plea? (CHECK ONE)

   (a) Not guilty          ☒
   (b) Guilty              ☐
   (c) Nolo contendere     ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)

   (a) Jury                ☒
   (b) Judge only          ☐

9. Did you testify at the trial?

   ☒ Yes  ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?

    ☒ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:

    (a) Result: *Affirmed*

    (b) Date of result (if known): *? ? ?*

    (c) Case number and citation (if known): *A822011/B053258*
    (d) Names of Judges participating in case (if known): *? ? ?*

    (e) Grounds raised on direct appeal: *P.C. Sec. §368(a)/§1369.10); 664/187(a) Evidence obtain illegal inviolation of petitioner's constriction; Motion denied by superior court under §10.1 and § 170.(c)(1); there where more that I do not remember.*

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:

    (a) Result: *Denied*

    (b) Date of result (if known): *September 9, 1992*
    (c) Case number and citation (if known): *Don't Remember.*

    (d) Grounds raised: *Same as above and may be more. Not sure been so long ago.*

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition: *NO.*

    (a)  Result:

    (b)  Date of result (if known):

    (c)  Case number and citation (if known):

    (d)  Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    ☐ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a)  **California Superior Court** Case Number (if known):

    (b)  Nature of proceeding:

    (c)  Grounds raised:

    (d)  Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☒ No

    (e)  Result:

    (f)  Date of result (if known):

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    ☒ Yes  ☐ No

17. If your answer to #16 was "Yes," give the following information:

  (a) **California Court of Appeal** Case Number (if known): *D849119*

  (b) Nature of proceeding: *41 page Confidential file*

  (c) Names of Judges participating in case (if known) *?*

  (d) Grounds raised: *(1) Possibility exists of Unreliable double information has prejudiced his hearing; (2) Deprived a fair an impartially hearing 2000, 2002, 2004 and 2007, in all likelihood in violation of October 18 and the*

  (e) Did you receive an evidentiary hearing on your petition, application or motion?
     ☐ Yes ☒ No

  (f) Result: *Denied*

  (g) Date of result (if known): *October 4, 2006*

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
   ☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

  (a) **California Supreme Court** Case Number (if known):

  (b) Nature of proceeding: *41 page Confidential file*

  (c) Grounds raised: *Same as above. Second ground: Petitioner was deprived in all likelihood of a fair and impartial hearings 2000, 2002, 2004, and 2007, because he was not knowledge of the existing 41 page Confidential file that the BPH Commissioners examined previous to all above hearings (That he cannot) which created Substantial danger of undue prejudice.*

  (d) Did you receive an evidentiary hearing on your petition, application or motion?
     ☐ Yes ☒ No

  (e) Result: *En Banc – Denied ⨯*

  (f) Date of result (if known): *February 28, 2008; didn't received it until the 28, Feb 2008*

20.  If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

## COLLATERAL REVIEW IN FEDERAL COURT

21.  Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
     ☒Yes ☐No        (IF "YES" SKIP TO #22)
     (a)  If no, in what federal court was the prior action filed?
     (i)  What was the prior case number?
     (ii)  Was the prior action (CHECK ONE):
          Denied on the merits?                    ☐
          Dismissed for procedural reasons?   ☐
     (iii)  Date of decision:
     (b)  Were any of the issues in this current petition also raised in the prior federal petition?
          ☐Yes ☐No
     (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
          ☐ Yes ☐ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present **all** other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. **State** *concisely* **every ground on which you claim that you are being held in violation of
the constitution, law or treaties of the United States. Summarize** *briefly* **the facts
supporting each ground.** (e.g. what happened during the state proceedings that you contend
resulted in a violation of the constitution, law or treaties of the United States.)  If necessary,
you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: 41 page Confidential file Examined by BPH that the
Conflict) that a reasonable possibility exists of unreliable and likely
(otherwise) in its Emotion had prejudiced his parole hearings.

**Supporting FACTS**: On April 27, 2006, petitioner received whats
called an "Olson Review" to examine his Central files before
his parole hearing (which was scheduled July 6, 06), to deter-
mine whether or not everything were in order; and to make
sure nothing was there that was not supposed to be. Upon re-
ceiving the box from the Counselor, Mrs. Asaeli, P. She immedi-
ately removed a file with an "Red Labor" attached said Confid-
ential. Be that petitioner was never aware of a confiden-
ial file, he immediately asked his Counselor would the
(BPH) Commissioners be examining this file or had in
the pass. She said yes. Hereinafter, he asked her how
many pages the confidential file contained? Upon count-
ing the pages, said 41. Reaffirming it was 41 pages, pet-
itioner immediately filed a emergency writ of habeas

**Did you raise GROUND ONE in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): *Both.*

(2) Case number or citation:

(3) Result (attach a copy of the court's opinion or order if available):

CIV 68 (Rev. Jan. 2006)                     -6-                              cv

Corpus to El Cento Superior Court, requesting an in-camera examination of this 41-page Confidential file because of its possible illegal Content; or at best petitioner's Confidence some of the materials is intact has prejudice his (BPH) parole hearing without his knowledge. And being 41-pages (ABOUT), He is Confidence Something is very wrong here! However, the first writ filed May 5, 2006, denied July 11, 2006. See (Exhs. A1). Petitioner took the Court ___, and he hereinafter took the matter up with the Fourth Appellate Appeals Court (And incase the Superior Court was right and He was wrong exhausting administrative remedies), which the appeal Court agreed with Superior Court. Prior to all the above petitioner put off his parole hearing for one year to get assurance from the Court none of the Materials Contained in that Confidential file had, or would prejudice future parole hearing. Upon exhausting administrative remedies, petitioner refiled with Superior Court January 7, 07; denied February 14, 2007. Fourth Appeals Court March 22, 07, denied June 19, 2007. With due diligently July 25, 07, petitioner's filed for Review with the California Supreme Court; denied August 1, 07, stating the Court Lost jurisdiction to act July 19, 07. See (Exhs. A2-5). Petitioner filed a writ of Habeas Corpus to the California Supreme Court August 16, 07; denied Feb. 20, 08. But was Not Received until the 28. See (Exhs A6-7).

**(b) GROUND TWO**: Petitioner was deprived in all likelihood to obtain a Impartial Hearings 2000, 2002 and 2004, Because he was not knowledge at the Existing Forty One (41) pages Confidential File that the Board (BPH) Commissioners examined Previous to all those Hearings which Created Substantial Danger of Undue Prejudice.

**Supporting FACTS:**

Prior to a Scheduled appearance, before the (BPH) "formerly the Board of Prison terms," 2000, 2002, 2004 and 2006," the petitioner was afforded an opportunity to do a "Olson Review" of his Central Files to discuss or question any aspect of the reports within or not in the Files with his Counselor, "Mrs. Asaeli, P." Doing the olson review of April 27, 06, the petitioner Discovered there was a Forty One (41) page Confidential File about him that he Could not examining, that the (BPH) Commissioner Could and had prior too all the olson Scheduled parole hearing. The information (said) provided by the Confidential Source was opposed the placement in his Central File based on a Review at the CCIII Level or higher as meeting the Criteria per title 15 - § 3321.

**Did you raise GROUND TWO in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): *Both*

(2) Case number or citation: *S155522*

(3) Result (attach a copy of the court's opinion or order if available): *See (Exh.'*

Argument In Support Of Writ
Of Habeas Corpus

Petitioner who has "NEVER" been associated with
any Organization, Rivel ganges, drugs (Whether Selling or
using) Smoked or drinked alchoholic, in one suite
Prison in his 59-years living here planet earth. And
other than the one act in Self Defense 1/11/95, with
a department Correction Staff for which the San
Luis Obispo Superior Court (Upon Granting Petition-
er's Writ) ordered the CDCR to expunge ALL refe-
rences to his Central File of that incident (Which
would include that 41-page Confidential file Depart-
ment Of Correction and Rehabilitation Knowingly
Knows Mr. He Cannot EVER examined). Other than
that, petitioner has NEVER Been in any other trouble
(a few CDC-115's) yet nothing that would classify
anything Confidential. Especially 41-pages... "A book!"
One needs Not be a "Rocky Scientist" or Need
a "Crystal Ball" to Know Something is Very Wrong
or illegal in the "Confidential 41-page file." the petit-
ioner is Confidence once the Court examine this 41-
page Confidential file and Start peeling away the pages,
it will be like peeling away an onion of Secret Corr-
uption. Then the Court will understand Why the act
done with an intent to Give the Department, and BPH
Some illegal advantage to Keep him Locked up, is

enough to even make the petitioner Cry. Why it
is essential this writ be granted, and order an In
Camera hearing is a "MUST!!!"

Continue Support and argument with points and
authorities, See Writ of Habeas Corpus Supreme
Court Mark (Exhibits B - 8 thru 17.)

///

///

///

///

///

///

///

///

///

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes    ☒ No

24. If your answer to #23 is "Yes," give the following information:

    (a) Name of Court:

    (b) Case Number:

    (c) Date action filed:

    (d) Nature of proceeding:

    (e) Name(s) of judges (if known):

    (f) Grounds raised:

    (g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes    ☒ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing . . . . . . . .

    (b) At arraignment and plea . . . . . . .

    (c) At trial . . . . . . . . . . . . . . . . . . . . .

    (d) At sentencing . . . . . . . . . . . . . .

    (e) On appeal . . . . . . . . . . . . . . . . . .

    (f) In any post-conviction proceeding .

    (g) On appeal from any adverse ruling in a post-conviction proceeding:

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes   ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes   ☒ No

   (a) If so, give name and location of court that imposed sentence to be served in the future:

   (b) Give date and length of the future sentence:

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   ☐ Yes   ☐ No

28. Consent to Magistrate Judge Jurisdiction

   In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court:

*March 27, 2008, Time 9:0.m.*

CIV 68 (Rev. Jan. 2006)

-12-

cv

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_March 27, 2008_____     _Eugene Hill_____
         (DATE)                                   SIGNATURE OF PETITIONER

# PROOF OF SERVICE BY MAIL

I THE UNDERSIGNED, CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I

CAUSED TO BE SERVED A COPY OF THE FOLLOWING DCOUMENT:

ENTITLED: *Writ of Habeas Corpus with attached Exhibits of the Habeas Corpus filed to Calif. Supreme Court with its Exhs.*

BY PLACING THE SAME IN AN ENVELOPE, SEALING IT BEFORE A CORRECTIONAL OFFICER,

AND DEPOSITING IT IN THE [ *UNITED STATES MAIL* ] AT AVENAL STATE PRISON AND ADDRESSEDIT

TO THE FOLLOWING:  *Office of Attorney General
110 West "A" Street, Suite 1100
San Diego California 92101*

EXECUTED ON *March 27, 27,* 20 *08*    AT AVENAL STATE PRISON, AVENAL CALIFORNIA

I, *Eugene Hill* DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW

OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

*Eugene Hill*
—————————————————
SIGNTURE OF DECLARANT

*Eugene Hill*
—————————————————
PRINT NAME OF DECLARANT

PRO PER.