# TOPICAL INDEX

Pages:

Petition For Writ Of Habeas Corpus Under 28
U.S.C. § 2254, By A Person In State Custody.     .    1-13

Ground One.                                          . 6-7
Supporting facts.                                    . 6-7

Ground two.                                            8
Supporting facts.                                     8

Argument In Support of writ Of Habeas.     .    9-10

Conclusion.                                         13

Proof Of Service.                                . Back

Exhibits A1-7.                                   . Back

See writ of Habeas Corpus Supreme Court Marked
Exh. B; With further Arguments in Support Of the
Federal writ Hereto With Points And Authorities See
Exhs. B8 thur 17.                               . Back

See Exhibit Marked "C" Fourth Appellate Court
with attached Exhibits A4-6, San Luis Obispo
Superior Court Order Oct. 7, 96, to expunge all

References to the incident of the Physical Alter-
cation that Occurred 1/11/95, Between petitioner
and Correction Official.                    Back

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ii

*EXHIBITS A1-7*

"*EXHIBITS A1-7*"

"Exh A-1"

ENDORSED

JUL 11 2006

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY LYDIA M. ANTUNEZ
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF IMPERIAL

In re:                                      Case No.: EHC 00745

    EUGENE HILL,                      ORDER DENYING PETITION FOR WRIT OF
                                            HABEAS CORPUS
        On Habeas Corpus.

In a verified petition filed in this Court, May 5, 2006, petitioner, currently incarcerated at Centinela State Prison, alleges that the Department will not let him view some 41 pages of confidential material from his C file in preparation for a June parole hearing.

The Petition is denied. Petitioner has made no attempt to exhaust his administrative remedies.

Dated: July 10, 2006

                                  Hon. Jeffrey B. Jones, Judge
                                  of the Superior Court

"EXI A-2"

FILED

n 001

SUPERIOR COURT CA.
IMPERIAL COUNTY
JOSE O. GUILLEN CLERK
BY _____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF IMPERIAL

In re:                              Case No. EHC 00827

EUGENE HILL,
                                    **ORDER DENYING PETITION FOR WRIT OF
On Habeas Corpus.**                 **HABEAS CORPUS**

        Petitioner, an inmate at Centinela State Prison, seeks an order of the court directing

respondent to produce certain confidential documents from petitioner's central file for an *in

camera* inspection by the court.

        Petitioner has previously brought this issue before the court in EHC00734. wrong 45.

        The petition fails to show that petitioner has exhausted administrative remedies.

Further, the petition cites no authority for the *in camera* inspection of confidential documents in

/ / /

/ / /

/ / /

/ / /

1

1 | the possession of respondent.

2 |     The petition is DENIED.

3 | DATED:  February 14, 2007

4

5 | JEFFREY B. JONES
    Judge of the Superior Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

F I L E D
Stephen M. Kelly, Clerk

JUN 1 9 2007

Court of Appeal Fourth District

In re EUGENE HILL

on

Habeas Corpus.

D050567

(Imperial County
Super. Ct. No. EHC 00745)

THE COURT:

    The petition for a writ of habeas corpus has been read and considered by Presiding Justice McConnell and Associate Justices McDonald and Irion.

    Eugene Hill in currently incarcerated at Centinela State Prison. He asks this court to obtain 41 pages of confidential documents in his central prison file and to conduct an in camera review to determine "whether or not such confidential documents is [sic] 'free' from 'bias and prejudice' " in anticipation of his upcoming hearing before the Board of Parole Hearings (Board).

    Hill is not entitled to habeas corpus relief because he cannot show he is unlawfully imprisoned or restrained of his liberty; the Board has not conducted the parole consideration hearing and he is not yet aggrieved by its decision. (Pen. Code, § 1473, subd. (a); *In re Powell* (1988) 45 Cal.3d 894, 903.)

    The petition is denied.

                                        IRION, Acting P. J.

Copies to:  All parties

24 8CR 431





MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES

☐ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

### Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

July 30, 2007

Mr. Eugene Hill  E-59311
P.O. Box 901
Imperial Valley, CA  92251

  Re: **Petition for Review**

Dear Mr. Hill:

   We hereby return unfiled your documents, which we received July 30, 2007.  A check of the Court of Appeal docket shows that the petition for a writ of habeas corpus was denied June 19, 2007.  This court lost jurisdiction to act on any petition for review July 19, 2007.  (See Cal. Rules of Court, rule 8.500(e).)  Without this jurisdiction, this court is unable to consider your request for legal relief.

   If you wish to file a petition for writ of habeas corpus, we require that you complete the enclosed form as fully as possible.  Please sign the completed form at the bottom of page six.  We must have an original signature.  You may attach documents to the form.

   We require an original and ten copies of the petition form from you.  Your institution has facilities for making the required number of copies.  If the institution refuses to make copies, we will accept the original alone.

      Very truly yours,

      FREDERICK K. OHLRICH
      Court Administrator and
      Clerk of the Supreme Court

By:  I. Cananoc, Deputy Clerk

Enclosure

Court
er Street
co, CA 94102-4797

UNITED STATES POSTAGE
PITNEY BOWES
02 1M          $ 00.41⁰
0004222782    FEB 20 2008
MAILED FROM ZIP CODE 94102

LEGAL MAIL
FEB 2 8 2008
AVENAL STATE PRISON
MAILROOM

S155522
EUGENE HILL  E-59311
Facility Unit II. ~~Gym 21 Low~~
California Correctional Institution
P. O. BOX 608
Tehachapi, CA 93581-1031

Ave

SG-29

93581+0608 B001

S155522

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re EUGENE HILL on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

FEB 2 0 2008

Frederick K. Ohlrich Clerk

_____
Deputy

_____
GEORGE
Chief Justice

EXHIBIT MARKED "B"

Writ Of Habea Corpus to
California Supreme Court.

EXHIBIT MARKED "B"

Writ Of Habeas Corpus to
California Supreme Court.

# TOPICAL INDEX

Pages:

table of Authorities.          .          .     .     i-ii

Writ of Habeas Corpus.               .          .     1-20

Grounds for Relief: 1 & 2     .          .     .     3; 7

Support facts.          .               .          .     3-6; 7

Arguments [1] In Support of Writ of Habeas
Corpus with Points And Authorities, Grounds 1.   8-14

Arguments [3] In Support of writ of Habeas
Corpus with Points And Authorities, Grounds 2.   15-17

Conclusion.          .     .          .          .     .     18

Exhibits A1-2.          .          .          .     .     Back

Proof Of Service.               .          .     .     Back


Exhibits Marked Writ Of Habeas Corpus Fourth
Appellate Appeal Court And Superior Court.   .   Back

# TABLE OF AUTHORITIES

Pages:

## Penal Code:

§ 1473 subd (A) .......... 8
§ 1473 subd (d) .......... 9
§ 3041 .......... 9; 14
§ 3041 .......... 11
§

## Case Law (t):

Biggs v. terhune, 334 t. 3d 910, 914 (9th Cir, 2009) . .9

Waletzki v. Keohane, 13 t 3d 1079 (7th Cir, 1994) . .9

Volong v. U.S., 138 t 3d 693 (7th Cir. 1998) . . .9

Cato v. Rushen, 824 t.2d 703 (9th Cir. 1987) . .9-10

McQuillion, 306 t 3d. at 902 . . . . . .11

Greenholtz, 442 U.S., at 7, 99 S.Ct. 2100 . . .12

Allen, 482 U.S. at 369, 107 S.Ct. 2415 . . .12

Powell v. Gomez, 33 t. 3d, 40 (9th Cir. 1994) . .12

Porter v. Singletary, 49 t 3d 1483 (11th Cir 1995) . . .13

i

IN RE Jassounio, (1995) 9 C 4th 535, 544 n1, 37 CR 2d 446 - (Citing U.S. V. Bagley, Supro).

<u>Case Law State</u>:

<u>IN RE Jackson</u>, (1987) 43 Cal. 3d. 501, 516 [233 - Cal. Rptr. 911.] . . . . . . . . . .10

<u>IN RE Rosenkrantz</u>, 29 Cal. 4th 616, 655 - 58, 128 Cal. - Rptr. 2d. 104, 59 P. 3d 174 (Cal. 2002). . . . .12


<u>Constitution</u>:
Amendment 14th, . . . . . . . .12
Amendment 5th. . . . . . . .12
28 U.S.C.A. § 2241, . . . . . .12


<u>Calit. Code. Regs. title 15</u>:

§ 3321 (B)(3)(B), . . . . . . .10

§ 2250 (3), . . . . . . .13

The California Supreme Court
San Francisco, California

Eugene Hill
          Petitioner

          V

U.M. Ameser, Worden
          Respondent.

Please take
Notice

## Notice

To the Honorable Chief, Justice, And to the
Honorable Associate Justices, please take Notice
of the Federal Case Law and Constitution of
table of authorities; and too, cited within petition-
er writ of Habeas Corpus with support of argument
attached hereto.

MC–275

Name _Eugene Hill_

Address _P.O. Box 901_

_Centinela State Prison_

_Imperial Valley, Calif. 92251_

CDC or ID Number _E-59311/A3-113L_

_California Supreme Court_

_San Francisco, Calif. 94102_

(Court)

**PETITION FOR WRIT OF HABEAS CORPUS**

_Eugene Hill_

Petitioner

vs.

_V.M. Almager, Warden_

Respondent

No. _____

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 80

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC–275

**This petition concerns:**

☐ A conviction               ☒ Parole

☐ A sentence                 ☐ Credits

☐ Jail or prison conditions  ☐ Prison discipline

☒ Other (specify): *Forty-One-Page Confidential File*

1. Your name: *Eugene Hill*

2. Where are you incarcerated? *Centinela State Prison, Imperial Valley, CA 92251*

3. Why are you in custody?  ☒ Criminal Conviction   ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

*Attempt Murder 664/187(a)*

b. Penal or other code sections: *§ 12022.5, and § 12022.7*

c. Name and location of sentencing or committing court: *Van Nuys, California*

d. Case number: *A822011 / No: BA53258*

e. Date convicted or committed: *April 17, 1990*

f. Date sentenced: *June 20, 1990*

g. Length of sentence: *Life + 5 with the Possibility for Parole*

h. When do you expect to be released? _____

i. Were you represented by counsel in the trial court?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address:

_____
_____
_____

4. What was the LAST plea you entered? *(check one)*

☒ Not guilty   ☐ Guilty   ☐ Nolo Contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

MC–275

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

A 41-page Confidential filed the (BPH) Commissioners have examined in the past, and will be examining in the future (that Petitioner Cannot), that reasonable possibility exists of unreliable informations has prejudiced his parole hearing.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

On April 27, 2006, Petitioner received - "Whats Called an 'Olson Review'" — to examine his Central files before his parole hearing (which was scheduled to July 2006), to determine whether or not everything was in order; and to make sure nothing was there that was not suppose to be." Upon receiving the box from Petitioner's Counselor Containing all his files; "Mrs. Aposli, P" immediately removed a file with an "RED LABEL" attached to it that said Confidential, and stated: "Sorry Mr. Hill, you're denied the Rights to examine the Contents of this file because of Confidentality. (Curiosity) Petitioner asked Counselor, would the (BPH) Commissioners

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

1) See Exhibits A 4-6., attached hereto writ of habeas Corpus to the Fourth Appellate Appeal Court.
2) Petitioner was never aware of a Confidential file, this was something the Counselor's evidently removed

MC-275

be examining this file or have examined it during previous parole hearing. She said yes. Hereinafter petitioner asked Mrs. Asorli. How many pages the Confidential filed Contained. Upon counting them [said] Forty one (41) pages. Petitioner requested that she recount them again; upon attaining the (41) pages. Petitioner immediately filed a emergency writ of Habeas Corpus to El Centro Superior Court. Requesting an incamera examination of this 41-page Confidential file because of its possible illegal Contents; or at best some of the materials may infact prejudice his hearing (it having already during previous hearing), and without his knowledge, possible denied him of his due process Rights. the first writ was filed May 3, 2006; and denied July 11, 2006. [3] the Court in part stated: "Petitioner has made no attempt to exhaust his administrative Remedies." However, the petitioner, felt the Court error, and that this was a matter for the Courts. He hereinafter file a writ with the fourth appellate appeals Court (while at the same time incase he was wrong exhausting his administrative Remedies). which

before petitioner ever having the Chance to see or examined the box Containing his files.

[3] Pet. Exhibits A1-2., attached thereto writ fourth Appeal Court.

was also denied agreeing with that of Superior Court. [4] Prior to all the above petitioner put off his parole hearing for one (1) year until he could get assurance from the court that none of the materials contained in that 41-page confidential file has prejudiced, or will prejudice future parole Board (BPH) hearing. A year later, this have yet to occur. However, petitioner after exhausting his administrative remedies, [5] refiled his writ of habeas corpus with El Centro Superior Court January 7, 07; denied February 14, 2007. [6] And again to the Fourth Appellate Appeals Court on March 22, 07; denied on June 19, 2007. [7] July 25, 2007, with due diligently the petitioner mailed the original and one copy of writ of habeas corpus with attached documentation Petition for Review, to California Supreme Court August 6, 2007, petition was returned stating the Supreme Court lost jurisdiction to act on any petition for review July 19, 2007, because (said) a check of the Court of Appeal docket showed that

---

[4] See (Exhibit A3) attached thereto exhibits of the writ of habeas corpus Fourth Appeal Court.

7.                                                                          MC-275

THE PETITION for a WRIT of Habeas Corpus was denied June 19, 07. Cited: Cal. Rules of Court, rule 8.500 (E).) and without this jurisdiction, this court is unable to consider petitioner's request for legal relief. [8]

5/ See Exhibits B1-17, Marked Habeas Corpus Fourth Appeals Court attached thereto.

6/ See Exhibits Marked Habeas Court El Centro Superior Court with attached exhibits and proof of service.

7/ See (Exhibit A-1), attached hereto.

8/ See (Exhibit A-2), attached hereto.

7. Ground 2 or Ground __2__  (if applicable):

MC-27

Petitioner was deprived in all Likelihood of a fair And Impartial Hearings 2000, 2002 and 2004, Because He was Not Knowledge of the Existing Forty One (41) page Confidential file that the Board (BPH) Commissioners Examined Previous to All the Above Parole Hearings Which Created Substantial Danger of Undue Prejudice.

a. Supporting facts:

Prior to a Scheduled appearance before the Board of Prison Hearing (formerly the Board of Prison Terms) of 2000, 2002, 2004 and 2006, the petitioner was afforded an opportunity to do a "Olsen Review" of his Central files to discuss or question any aspect of the reports within or not in the files with his Counselor, Mrs. Asoeli, P." Doing the Olsen review of April 27, 06, the petitioner discovered there was a Forty One (41) page Confidential file about him, that petitioner Could not examining," that the Board Commissioners Could and was prior to all the above Scheduled parole hearing (Other than 06)." The information (said) provided by the Confidential Source was approved for placement in the petitioner Central file (C-file) based on a review at the CCVIII Level or higher as meeting the Criteria per title 15 - §3321.

MC-275

## Argument [I.] In Support of Petitioner Writ Of Habeas Corpus With Point And Authorities

The Fourth Appellate Appeals Court denied the Petitioner writ because [S]aid is not entitled to Habeas Corpus Relief because he cannot show he is unlawfully imprisoned or restrained of his liberty. It is clear from the decision of the Fourth Appellate Court, for petitioner to achieve stated goals to conduct an in-camera examination to determine whether or not such Confidential documents Contained within this 41-page file is "FREE" from "BIAS And PRE-JUDICE." His writ, that is, the type of information would've to fall into the Categorie of Penal Code sec. §1473. subd.(a), that Constitute unlawful imprisonment or restrained of petitioner's Liberty. The Petitioner seeks the Court's for writ Of Habeas Corpus for an in-camera examination because by law he is ineligible to examine the Contents himself to see Whether or not any the material is prejudice to his Board hearing [Past or future]; and whether or not its just Completely illegal. It is very possible the material (Some of it) Could leave to a Serious conception among the Commissioners, and too, why they have yet to paroled petitioner; or at least given him a re-

lease date, which is very possible with an incompre examination of this 41-page Confidential file will finally remove this silent blanket. Nevertheless, it is also clear to petitioner that (Penal Code sec. §3041) vested a liberty interest in parole. See Biggs v. terhune, 334 F.3d 910, 914 (9th Cir. 2003). In addition Penal Code sec. §1473, states contrary to the Fourth Appellate Court's opinion Subd.(d) "Nothing in this section [SHALL] be construed as limiting the grounds for which a writ of habeas Corpus may be prosecuted or as precluding the use of any other remedies": "Such as the 41-page Confidential file here in question."

The petitioner meets the requirement to exercise his rights by 'LAW' under both Penal Code sections §1473. Subd. (d); and §3041, to seek judicial examination of these 41-page Confidentia file, in such a case as set forth here. A habeas Corpus is available to challenge duration as well as fact of Custody. See Woletzki v. Kershaw, 13- F.3d 1079 (7th Cir. 1994); Valong v. U.S., 138 F.3d 693 (7th Cir 1998), Parole is a term of Custody, so it is proper to use petition for writ of habeas Corpus to Contest its Continuation; and too, something that made prejudice his (Petitioner) hearing to be release. (Such as may be contained within that 41-page Confidential file in question.) Confidential information must be reliable. See Coto v.

Reishen (9th Cir. 1987) 824 f.2d 703; Cal. Code. Regs. tit. 15 - 3321-(B)(3)(A). the Calif. Supreme Court, has emphasized that CDC Rules require a hearing officer to determine the reliability and truthfulness of the informant (as petitioner is confidence of things that Classified Confidential or other means) and put evidence on the record that would allow a [COURT] to REVIEW that determination. See IN RE Jackson (1987) 43 Cal. 3d. 501, 501, 518 [233 - Cal. Rptr. 911]. Writ of habeas Corpus is most fundamental instrument for safeguarding petitioner's freedom against arbitrary and lawless state action. the Court "MUST" do an incamera examination of the entire Confidential file because (1) the Board of Prison hearing Commissioners will (and have) be examining this file - and petitioner is confidence use information unte known to him as a weigh-in-factor to further deny him parole; and (2) to balance i.e, what is Confidential and whether the Confidential information is overcome by the right to a "fair and impartial hearing"; and (3) If any the Confidential material is located and is in fact illegal, the petitioner has a vital interest in protecting his rights of any unlawful, unreliable, documents that the Confidential file may entail, that can "pollute" the minds of the Board of Commissioners, that will be subject to prejudice his parole hearing, esp. with respect to the "Battery"

against a Correctional Officer back in 1995, that the Court ordered (upon Granding Petitioner's writ) to Ex- punge all references to that incident from his Central file as showed in (Exhibits A4-6) attached thereto the writ of habeas Corpus filed with the Fourth Appellate Appeals Court, attached hereto. that includes (it located) within that 41-page Confidential file - and placed out of the sight of petitioner, Knowing that he cannot Ever examine this file - yet the board Commissioners Can; and (4) to prevent the Board Commissioners from basing its decision on Confidential information or misrepresentation that can possible be drawn from it thats illegal - and with- out adverse know titant any implication which swards their judgment in violation of the petitioner's right; and (5) by not knowing what is inside, or what these files may Entail, the petitioner is at a disadvantage which would Substantially affected his Legal right to question Remedy the Legality of its Contents that can be potencial prejudicial, or illegal.

"And Colifornia's parole scheme affirmed gives rise to a Cognizable Liberty Interest in release or parole." See M⁰Quillion. 306 F. 3d at 902.; § 3041 of the Colifornia Penal Code "Creates" in Every inmate a Cogniz- able Liberty interest in parole which is protected by the procedural Safeguards of the "due process clause."

MC-275

See Greenholtz, 442 U.S. at 7, 99 S.Ct. 2100; Allen, 482 U.S. at 369, 107 S.Ct. 2415; Burell V. Gomez, 33 t.3d, 40 (9th Cir. 1994); In re Rosenkrontz, 29 Cal. 4th 616, 655-58, 128 Cal. Rptr. 2d 104, 59 P. 3d 174 (Cal. 2002)( holding that prisoners have a protected liberty interest in parole under the due process protections of the Calif-cenia Constitution). The Liberty interest is Created not upon the grant of a parole date, but upon the incarceration of the inmate. United States District Court Circuit Judges, Ordered: "RUB, Gibson, and Fisher." D.C.NO. CV-00-07686. Habeas Corpus is avail-able to Challenge deration as well as fact of Custody. 28 U.S.C.A. §2241, and this 41-page Confidential File Can possible be affecting them both.

## II.

July 19, 2007, Fourth Appellate Appeals Court denied Petitioner due process (Per Writ of Habeas Corpus) which are of such fundamental Standard of fairness; and of course, Justice. And by denying him due process the Court o made a Reversible error, in Stating the Board (BPH) has Not Conducted the parole Consideration hearing and he (Petitioner) is Not yet aggrieved by it decision. 2006, yes, because the

petitioner put off his (BPH) hearing upon learning about this Confidential 41-page file for "one year" to be determine by the Court its possible illegal contents; or whether or not any this material may have prejudiced any his board hearings. And for the Court to say petitioner is not yet aggrieved by the Board decision [IS] without merits. And Controry to the Courts decision July 19, 2007, it is tactly incorrected. thus, its true petitioner had just learned about this 41-page Confidential file. the Board (BPH) has Conducted Several parole Consideration hearing: 1998, 2000, 2002 and 2004 and has indeed examined this Confidential file. which may have prejudiced petitioner parole hearing in Violation of the Law, and Calif. Code. Reg. title 15 §2250 (3); as well may have Contained (this file) illegal Material. therefore without petitioner's knowledge of this file, Substantially affected his legal Rights to question timely the finality of its Contents long ago. [AGGRIEVED.] PORTER v. SINGLETORY, 49 F.3d 1483. (11th Cir. 1995) Due process. Requires that litigant claim be heard by fair and impartial fact finder applies to administrative as well as judicial proceedings.

So, when the fourth Appellate Appeal Court makes a decision to deny petitioner writ of habeas Corpus,

the Court cannot base any its decisions on a foundation of "fragile support of uncertainty." Here the Court evidently did, because the Court cannot say with I.C.[certainty] petitioner had not suffered *term an infringement or denial or legal right (which accordingly to Black's Law Dictionary "Aggrieved" means), without establishment by evidence in such a way that their integrity will hold up that would include that the Court "MUST" conduct an incamera examination of the entire 41-page Confidential file here in question; Which the Court's have failed to so too do.

It is petitioner understanding that evid. (§1042-(d) (that its States for trial) in camera hearing is to determine whether a reasonable possibility exists that non-disclosure (here this 41-page Confidential file) might deprive the defendant of a fair trial. "In principle, with respect to fundamental fairness the above evid. (§ 1042 (d) should also apply here to, for an incamera hearing to determine the same; i.e., whether the Board (BPH) Commissioners has knowledge of facts of this Confidential file which may not be reliable — and may even be illegal — that will prejudice petitioner hearing." It having already!

# III

Argument in support of ground two and supporting facts; in all likelihood, being that the Forty One ('41) page Confidential file has been examined without the petitioner's Knowledge by the Board Commissioner's, bore a "Reasonable Probability" deprived petitioner a fair and impartial hearing 2000, 2002 and 2004. "Reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome of his parole hearing. In re Sassounia, (1995) 9 C4th 535, 544 N., 37 CR2d 446 (citing U.S. v. Bagley, Supra). And if there are in fact relevant discoverable information in the '41 page Confidential file containing any thing that creates sufficient violation of the petitioner's rights — especially with the "Battery on a Correctional Officer" back 1995, will show part of "Malice" and too, "Prejudice." When in fact the board of hearing (formerly board of prison terms) Commissioner's had notivals information declared by the Superior Court, to expunge [ALL] references to the above incident from petitioner's central file. It is also with certainty the Commissioner's would never divulged any information take from the Confidential file — "yet with certainty, petitioner is confidence they have used information

— "unbeknownst to him" — to further blacken his chances to parole him." Which would disqualify the Board Commissioners when the condition of their minds sways their judgment with prejudice, and renders them unable by LAW to exercise their function "fair and impartially" in petitioner parole hearings. To SEE JUSTICE DONE. "If this petition is granted (after an in camera examination of the confidential file in question) the Court decides that the request materials are in fact relevant, the court 'MUST' order disclosure to petitioner to protect his due process rights"; under condition essential to the equal enjoyment of the same right given that to the Board of Prison Hearing Commissioners. Under Penal Code § 1473 subd (a), "EVERY person unlawful imprisoned or restrained of his/her liberty, under any pretense whatever, may prosecute a writ of Habeas Corpus, to inquire into the cause (this 41-page confidential file) of such imprisonment of [19] years or restraint of his (Petitioner) liberty ... "custody" ... and subd (d) nothing in this section [SHALL] be construed as limiting the grounds for which (again) a writ of habeas corpus may be prosecuted or as precluding the use of any other remedies." And if NOT examined (confidential files) by the

MC-27

Court in an incamera examination of the entirely con-
fidential file — and the matter remain unchanged —
the Board Commissioner's is reasonable certain to con-
tinue using this information too further deny petition-
er parole in violation of the law.

///

///

///

///

///

///

///

///

///

///

MC-275

# CONCLUSION

In Sum, for all the reasons set forth herein Petition for writ of habeas Corpus and Exhibits, I, Eugene Hill, in pro per, ask that this Court Grant his writ and would either (1) Order the fourth Appellate Appeal Court to do an in camera examination of the entire 41-page Confidential file; or (2) that this Court would immediately order the Confidential file with [All] forty-one (41) pages be mailed or faxed to the Supreme Court so, that the Court Could examine its contents. After a Complete in camera examination of the files and the Court finds that there is nothing that has prejudiced (Pasted or torture), the petitioners parole hearing to a "fair and impartial" hearings, the petitioner will therefore ask that this Court (ore other) make those finding to him in that respect.

Date: August 16, 2007

Respectfully Submitted:
/s/ Eugene Hill

MC-275

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes.  ☐ No.  If yes, give the following information:

  a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
  _Second Appellate Appeal Court, Division 1_

  b. Result _Sentence Affirmed_          c. Date of decision: _September 9,92_

  d. Case number or citation of opinion, if known: _?          ?_

  e. Issues raised: (1) _P.C. Sec. §1368(a) §1369.1(a) ; 664/187(a); Evidence obtain_
  (2) _illegal in violation of Petitioner's Constitution Rights; Motion_
  (3) _denied by Superior Court under §170.1 and §170.(c)(1); among_
  _others._

  f. Were you represented by counsel on appeal? ☒ Yes.  ☐ No. If yes, state the attorney's name and address, if known:
  _First doing Downing brief; Bruce Daniel Rosen, 3633 Camino Del Rio -_
  _South San Diego._

9. Did you seek review in the California Supreme Court? ☒ Yes  ☐ No.  If yes, give the following information:

  a. Result _Denied_          b. Date of decision: _? ?_

  c. Case number or citation of opinion, if known: _Don't Remember._

  d. Issues raised: (1) _Many of the above; Also failure to instruct Sua_
  (2) _Sponte changing accident Claim._
  (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

_____

11. Administrative Review:

  a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

  _See Exhibits B1-17, attached thereto writ of_
  _Habeas Corpus - Fourth Appellate Appeal Court_

_____

_____

_____

_____

  b. Did you seek the highest level of administrative review available? ☒ Yes.  ☐ No.
  *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.    MC–275

13. a. (1) Name of court: *Superior Court, Von Nuys, California*

(2) Nature of proceeding (for example, "habeas corpus petition"): *Motion & Habeas Corpus*

(3) Issues raised: (a) *About the illegal way Restitution is now being*

(b) *Collected from Monies sent from family Members.*

(4) Result (Attach order or explain why unavailable): _____

(5) Date of decision: *May 26, 2000*

b. (1) Name of court: _____

(2) Nature of proceeding: _____

(3) Issues raised: (a) _____

(b) _____

(4) Result (Attach order or explain why unavailable): _____

(5) Date of decision: _____

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

_____

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☒ Yes. ☐ No. If yes, explain:

*About things occurred doing my Board Hearing 2002; U.S. District Court, Southern District, Case No. 08CV1469 CAB (RBB).*

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

*Denied in the lower Appeal Court, Fourth Appellate.*

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: *August 16, 2007*        ▶ *Eugene Hill*
                                      (SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 2007]              PETITION FOR WRIT OF HABEAS CORPUS                    Page 10 of 20

## VERIFICATION

STATE OF CALIFORNIA  ) On this day, Listed Court Pleadings Were Given
COUNTY OF IMPERIAL   ) To Prison Official For Filing/Mailing
      ( C. C. P. §446 & 2015.5; 28 U.S.C. §1746 )

      I, _Eugene Hill_____ , declare under penalty of perjury that
I am the _party_ in the above-entitled action; I have read the fore
going documents and know the contents thereof; and the same is true o
my own knowledge except as to matters stated therein upon information
and belief, and as to those matters, I believe they are true:
     Executed this _16_ day of _August___ , 2007 , at Centinel
State Prison, P.O. Box _901_, Imperial, CA 92251

        [Signature] _Eugene Hill_____ .
                DECLARANT/PRISONER

     **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PROOF OF SERVICE BY MAIL

    ( C.C.P. Sec. §1013 (a) & 2015.5; 28 U.S.C. Sec.§1746.)

      I, _Eugene Hill_____ , am a resident of Centinela State Pris
in the County of Imperial, State of California; I am over the age of
eighteen (18) years and am — a party of the above-entitled action. I
state prison address is:

_Centinela State Prison, P.O. Box 901_, Imperial, CA 92251.
   On _August 16,____ , 2007 , I served the foregoing:

_Writ Of Habeas Corpus with attached Exhibits Marked_
_Superior Court, and Fourth Appellate Appeal Court._

---

    (Set forth the exact title of document (s) served.)
on the part (s) herein by placing a true copy (s) thereof, enclosed
in a sealed envelope (s), with postage thereon fully paid, in the
United States Mail, in a deposit box so provided at Centinela State
Prison, P.O.Box _901_, Imperial, CA 92251, addresses:

_Office Of Attorney General_
_110 West "A" Street, Suite: 1100_
_San Diego, California 92101_

There is delivery service by United States Mail at the so addressed,
and/or there is regular communication by mail between the place of
mailing and the place so addressed. I declare under penalty of perjury
that the foregoing is true and correct.

Dated: _August 16,____ , 2007

             _Eugene Hill_____
             DECLARANT/PRISONER

EXHIBIT MARKED "C"

Writ Of Habeas Corpus to
Fourth Appellate Court
Of Appeals.

EXHIBIT MARKED "C"

Writ Of Habeas Corpus
Fourth Appellate Court
Of Appeals.

EXHIBITS

Habeus Corpus With attached
Exhibits to that of the
Fourth Appellate Appeals
Court

EXHIBITS

Third Writ

# Topical Index

| | Page: |
|---|---|
| Introductory. | i |
| Table of Authorities. | ii-iii |
| Writ of Habeas Corpus | 1-16 |
| Ground for Relief (1) | 3 |
| Supporting facts (A). | 3-6 |
| Argument In Support of Habeas Corpus. | 7-13 |
| Conclusion. | 14 |
| Exhibits A1-6; B1-17. | Back |
| Proof of Service. | Back |

i

<u>Table Of Authorities</u>:

Page:

<u>Black's Law Dictionary</u>:

Due Process.                                                6

<u>California Code of Regulation</u>:

§ 3450 (d).                                                8

<u>Case Law</u>:

<u>In Re Jackson</u>, (1987) 43 Cal. 3d 501 [233 Cal. Rptr. - 911].                                                11

<u>In Re Estrada</u>, (1996) 47 Cal. App. 1688 [55 Cal. Rptr. - 2d 506].                                            11

<u>In Re Minnis</u>, (1972) 7 Cal. 3d 639, 649 [102 Cal. Rptr. - 749].                                            11

<u>O'Bremski v. Maass</u>, (9th Cir. 1990) 915 F.2d 418, 422.    11

<u>Rogers v. tri-State Materials Corp.</u>, 51 F. RD 234, 247 - (N.O.W. 16. 1970).                              12

<u>Monroe v. thigpen</u>, 932 F.2d 1437, 1442 (11th Cir. 1991) - 12

Page:

Constitution:

Fifth Amendment.                    .        .        .        .    12

fourteeth Amendment.          .        .        .        .    13

///

///

///

///

///

///

///

///

///

///

///

iii

# Introductory

Appellant Eugene Hill, in pro per, hereby this Appellate Court for Petition Writ of Habeas Corpus to examine his Petition filed with Superior Court, County of Imperial, El Centro, California, January 2007; thus denied. And Consider its opinion because it is founded on the mistake belief that the petitioner failed to show that he has exhausted administrative remedies; in addition, (said) petition cites no authority for the in camera inspection of a Confidential 41-page documents in the possession of Respondent. With due Respect to the Court's opinion the petitioner belief that the Superior Court maked reversible error. Which are of such fundamental importance as to require Compliance with due process Standards of appellant's rights by Law of fairness.

Name *Eugene Hill*

Address *P.O. Box 901*

*Centinela State Prison*

*Imperial Valley, CA 92251*

CDC or ID Number *C-59311/H3-113L*

*Fourth Appellant Appeal*
*Of San Diego, California*

(Court)

---

*Eugene Hill*
Petitioner

vs.

*V.M. Almager, Warden (A)*
Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. _____

*(To be supplied by the Clerk of the Court)*

---

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

*Page One of Sixteen*

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

This petition concerns: —

[ ] A conviction                    [X] Parole

[ ] A sentence                     [ ] Credits

[ ] Jail or prison conditions      [ ] Prison discipline

[X] Other *(specify):* Forty-One Page Confidential File

1. Your name: Eugene Hill

2. Where are you incarcerated? Centinela State Prison, Imperial Valley, CA 92251

3. Why are you in custody? [X] Criminal Conviction  [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   Attempt Murder 664/187 (a)

   b. Penal or other code sections: §12022.5 and §12022.7.

   c. Name and location of sentencing or committing court: Van Nuys, California

   d. Case number: A-822011 / NB: BO53258

   e. Date convicted or committed: April 17, 1990

   f. Date sentenced: June 28, 1990

   g. Length of sentence: Life + 5 with the Possibility for Parole

   h. When do you expect to be released? Was expect it June or July 2006

   i. Were you represented by counsel in the trial court? [ ] Yes. [X] No. If yes, state the attorney's name and address:

4. What was the LAST plea you entered? *(check one)*

   [X] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [X] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

---

MC-275 [Rev. July 1, 2005]        **PETITION FOR WRIT OF HABEAS CORPUS**        Page two of Sixteen

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

A 41-Page Confidential File With Information About the Appellant that the Board Of Prison terms will Examine, which could possible hold unlawful Material which may Be Prejudice - which he's not allowed view - at his Next Hearing.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

On May 5, 2006, a Emergency Writ Of Habeas Corpus was filed in Superior Court, County Of Imperial El-Centro, California, denied July 19, 2006, with stated in part, Petitioner has made No attempt to exhaust his administrative Remedies. See Exh. A1-2. Nevertheless, because the appellant felt this was a Matter for the Courts, he immediately file a Writ of Habeas Corpus with the Fourth Appellate Court of the Superior Court denial (while at the Same time exhausting his administrative Remedies in case that he was wrong), because he felt the Superior Court were in fact in error the matter was for the Courts and not administrative. However, the appellant accordingly to the Fourth Appellant Court

b. Supporting cases, rules, or other authority (optional):

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

_____

_____

_____

_____

MC-275 [Rev. July 1, 2005]          **PETITION FOR WRIT OF HABEAS CORPUS**          Page Three of Sixteen

denying his writ Oct. 4, 2006, that in fact the Supreme Court was [R]ight the petitioner's must exhaust available administrative remedies before seeking judicial relief, even where constitutional issues are at the core of the dispute. See Exh. A-3.

After exhausting Petitioner's administrative remedies the petitioner re-filed a writ of Habeas Corpus with the Superior Court, El Centro, California in January 07, which was denied February 14, 2007. The Court mistaken used the wrong case No: EHCOO734, when stated petitioner has previously brought this issue before the Court in EHCOO734. When in fact the case is: EHCOO745. In addition, (said) the petition fails to show that petitioner has exhausted administrative remedies. Court mistaken because there was attached exhibits marked A1-17 with the writ of habeas corpus. See Marked Exh's B1-17. further, Stated: the petition cite no authority for the "in camera inspection of confidential documents in the possession of respondent." However, July 6, 06 the petitioner was scheduled for a parole hearing, but before that hearing he is given the rights to an "Olson Review" to review all his central files. On the 27 day of April 2006, while reviewing petitioner files, his Counselor: "Mrs. Asaeli, P." removed one of the many files from the box (said) Confidential, and Stated: "Mr. Hill, you're denied the rights to examine

its Contents because of Confidentiality. Immediate-
ly petitioner asked how many pages the Confidential
file held. After counting the pages, Mrs. Asoeli, inform-
ed petitioner it was forty-one [41] pages. Petition-
er was outraged!" this 41-page file is offensively
damaging inspite of its Contents when the Board of
Prison terms Commissioners will have the Right to
and will examine this Confidential file, and the
petitioner Cannot, put him at a disadvantage
Legal; and petitioner feel will be "Prejudice"
with respect to the rights to a "fair and "impartial"
hearing panel. the Board panel has once before seize
upon information they knew was false and petitioner
was not charged for or Sentenced for; and Contrary
to the jury finding and abstract of Judgment by the
Sentencing Court. Yet it did not Stop the panel from
Retrying his case by charging petitioner with Penal
Code Sec §649 - Stalking - and used it as another justifi-
cation to deny him parole 2002; which petitioner is
Continued to appeal in the U.S. District Court, among
a few other issues. And by not knowing what this
41-page Confidential file may or may not entail,
again put petitioner's at a disadvantage which
would Substantially affected his Legal Rights
to question formerly the legality of its possible

(If found) illegal Contents. 4

(((

(((

(((

(((

(((

(((

(((

b. Supporting Cases, rules, or other authority (optional):

4 Which are of such fundament importance as to require compliance with due process standards of fairness, and of course, JUSTICE! The essential elements of due process of law is having the right to defend in orderly proceeding (By way of writ of Habeas Corpus). Black's Law Dictionary; 14th Amendment

# Argument In Support Of
# Writ Of Habeas Corpus

With due respect to Judge Tone opinion petition cites no authority for the in camera inspection of documents in the possession of Respondent. thus the resources here are limited and make it difficulty to locate any in camera records in his case by which the appellate court could determine materiality. Nevertheless, the Petitioner has make a prima facie case in support of the discovery requested for the judge for an in camera inspection. And in reality, since the (BPT) hearing panel has broad discretion in determing who is or not suitable for parole; thus the BPT regulations offer guidelines for determing suitability, and the panel may consider any relevent (and some time unlawful) information which would include information (if founded) contain within that 41-page confidential file. the Petitioner has a right by [LAW] to seek judicial review of these documents (41-page confidential file); in such a case as the Petitioner's, he asks that a judge or judges make an "in camera" determination whether or not such confidential documents is "FREE" from "BIAS and PREJUDICE" which includes substantiation of circumstances that warranting examination of his 41-page (Book) confidential file. Candidate such as Petitioner weigh heavily trying to be parole by the hearing (BPT) panel, so it is

important to petitioner too prevent the BPT from Basing its decision on Confidential information or misrepresentation that can be drawn from it. And to Leave Silent any implication which sways their judgment and "prejudice" the petitioner's right to a "fair and Impartial" hearing panel, and his ability to be able to present effective defense, which would be a violation of his due process. this 41-page Confidential file "Can be Like an onion - the more Layers you peel away, the more you cry," which could 'cause irreporable damaging if having throughout the many of years already. However, inspite of possible illegal contents, when the Board of Prison terms Commissioners have the Right to examine this file, and Continelo Warden, and Department of Correction Director, in their discretion does not Require such disclosure be provided to petitioner, (Said) information which, if known to him would endanger the safety of any person or information which would jeopardize the U.S. Security of the institution must be Kept Confidential. Pursuant to CCR-3450 (d). then the Petitioner has a Right by LLJaw, that the Court [MUST] hold on in Camera hearing to Review and inspect the materials to see whether or not only the documentation in that 41-page Confidential file is again, "free" from bias and prejudice," whether its outside sources, informants,

Staff or department of Correction administrators. Especially any documents that [may] show that petitioner was Convicted of battering against a Correctional officer "R. Stephenson" on 8/11/95. thus reversed and Declared (Granting petitioner's writ of Habeas Corpus filed October 7, 1996), by the Court to restore Hill to the Status quo ante and expunge [ALL] references to that incident from petitioner's Central file; "that would include (If founded) the Confidential file too!" See (Exhibit A4-B). Under these extreme Circumstances, and being a first termer at age 40, and at approximately nineteen years incarceration, Prison, and only had one fight with an inmate ª; and often Rule violation CDC-115-disciplinary- "Nothing Serious that would authorizing the placement necessary elements to establish it as Confidential. [N]ever any rival gangs involving; and at no time within petitioner's 58-years Living [EVER] used drugs or Sold, or used or drinked alcohol of any kind. Never Smoked! And to have a [B]lock, 41-page Confidential file on the petition, Petitioner has a "Vital Interest" in protecting his name, Rights of any unlawful, unreliable documents that 41-page file may entail that can pollute the minds of the Board of Prison term Commissioners, that will be Subject to prejudice his Board hearing with respect to

2) And the Battery against Correctional Officer "R. Steph-
enson on 1/11/95." That was not only proven that he
was the one in violation of the Law, and the aggressor,
and that petitioner acted in self defense. Nevertheless,
the Court ordered expunge all references to this
incident from his Central file; "that includes the
Confidential file (IE found) hidden in secret there
in violation of the court order, and law. And placed
out of the petitioner sight (Knowing he cannot view this
Confidential file) during his Olsen Review of his Central
file." Which will not only be prejudice to petitioners
Parole hearing, it'll be in violation of the Law.

the Rights to a "fair and Impartial" panel. Confidential information MUST be reliable. For example, in In re Jackson, (1987) 43 Cal. 3d 501 [233 Cal. Rptr. 911] the California Supreme Court found that given the possibility of untruthfulness, and the lack of opportunity to cross-examine the informant (Petitioner adds Staff, department of Correction administrators and outside sources) the use of Confidential information carried great Risks. In addition the Court has emphasized that CDC Rules Requires a hearing officer to Determine the [R]eliability and truthfulness of the informant (Should be Confidential informa- tion Sources of any kind) and put evidence on the Record that would allow a Court to Review that determination. See Id. at 516; also in re- Estrada (1996) 47 Cal. App. 4th 1688 [55 Cal. Rptr. 2d 506] (Upholding notice and use of Confidential information). Petitioner is entitled to due process. See In Re- Minnis, (1972) 7 Cal. 3d 639, 649 [102 Cal. Rptr. 749], which includes having hearing in front of a panel that is "FREE" from Bias and "Prejudice." See O'Bremski v. Maass, (9th Cir. 1990) 915 F. 2d 418, 422. Depart- ment of Correctional, or Centinela State Prison administ- rators Should not be able to avoid discovery of Rele- vant information that may be prejudice to his hearing

merely by claiming it is "Confidential," the party which asserts a legal privilege against disclosing information, such as the privilege of "Confidentiality," has the burden of proving that the particular information is in fact privileged. Rogers v. tri-State Materials Corp. 51 F.R.D. 234, 247 (N.D.W. Va. 1970) Monroe V thigpen, 932 F.2d, 1437, 1442 (11th Cir. 1991) (due process violated when Board relied on admittedly false information when denying Parole, this under a slightly different situation in the Petitioner's case; however, equally important the best-case scenario here, if after the (BPT) examine the 41-page Confidential file and find the material from it truthful, and decided to question the petitioner in relation to the above could still violate his basic Liberties — "Fifth Amendment Right," — on the ground that he might incrim-inate one self unbeknownst; the worst-case scenario, the materials is untruthful whether it come from a informant, Staff, or other department authorities or outside sources creates a Substantial Risk to Petitioner if its used unbeknownst to him (like is Confidence will be which is Common Practice among many the panel members), will not only be prejudice to his Parole Hearing. Will deny him also

a right to defend himself in violation of his due process which Petitioner feels virtually guarantees him under the Fourteenth Amendment. For that reason alone the Court must hold an in camera inspection of the 41-page Confidential file.

# Conclusion

In Sum, for all the reasons set forth in the Petitioner's writ of Habeas Corpus, I, Eugene Hill, in pro per, ask that this Court would grant his Petition of an In Camera inspection of all the 41-page Confidential file to make sure it is "free" from "Bias and Prejudice"; and that (Exhibit R4-6), isn't found hidden in Secret there in violation of the Courts order, and Law.

Date: March 13, 2007


Respectfully Submitted:
/s/ Eugene Hill

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes ☐ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

*Court of Appeal, Second Appellate District, Division 7.*

b. Result *Sentence Affirmed*    c. Date of decision: *September 9, 92*

d. Case number or citation of opinion, if known: _____

e. Issues raised: (1) *P.C. Sec. §1368(a) §1369(a); §664/187(a); Evidence obtain*

(2) *illegal in violation of Petitioner's Constitution Rights; Motion*

(3) *denied by Superior Court under §170.1 and §170.(a)(1); among other.*

f. Were you represented by counsel on appeal? ☒ Yes ☐ No. If yes, state the attorney's name and address, if known:

*First doing Opening Brief: Bruce Daniel Rosen, 3633 Camino Del Rio South, San Diego, CA.*

9. Did you seek review in the California Supreme Court? ☒ Yes ☐ No. If yes, give the following information:

a. Result *Denied*    b. Date of decision: *??*

c. Case number or citation of opinion, if known: *Don't Remember.*

d. Issues raised: (1) *Many of the above; also failure to Instruct*

(2) *Sua Sponte denying accident Claim.*

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

_____

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

*See B1-17*

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available? ☒ Yes ☐ No.
Attach documents that show you have exhausted your administrative remedies.

MC-275 (Rev. July 1, 2005)    PETITION FOR WRIT OF HABEAS CORPUS    *Page fifteen of Sixteen*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: *Superior Court, Von Nuys California*

    (2) Nature of proceeding (for example, "habeas corpus petition"): *Motion & Habeas Corpus -denied*

    (3) Issues raised: (a) *About the way Restitution is Now being*

       (b) *Collected from monies sent from Family Members.*

    (4) Result *(Attach order or explain why unavailable):* _____

    (5) Date of decision: *5/26/2000*

  b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

       (b) _____

    (4) Result *(Attach order or explain why unavailable):* _____

    (5) Date of decision: _____

  c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

_____

_____

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☐ No. If yes, explain:

*Superior Court, El Centro CA, about two CDC-115 - for speaking out about and altercation between two Officer and two Hispanic.*

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: *March 13, 2001*
▸ *Eugene Hill*
(SIGNATURE OF PETITIONER)

## VERIFICATION

STATE OF CALIFORNIA  ) On this day, Listed Court Pleadings Were Given
COUNTY OF IMPERIAL   ) To Prison Official For Filing/Mailing
( C.C. P. §446 & 2015.5; 28 U.S.C. §1746

I, *Eugene Hill*, declare under penalty of perjury that:
I am the *party* in the above-entitled action; I have read the fore-
going documents and know the contents thereof; and the same is true of
my own knowledge except as to matters stated therein upon information
and belief, and as to those matters, I believe they are true:

Executed this *22* day of *March*, 2007, at Centinela
State Prison, P.O. Box *901*, Imperial, CA 92251

[Signature] *Eugene Hill* .
DECLARANT/PRISONER

*******************************************

## PROOF OF SERVICE BY MAIL

( C.C.P. Sec. §1013 (a) & 2015.5; 28 U.S.C. Sec.§1746.)

I, *Eugene Hill*, am a resident of Centinela State Prison,
in the County of Imperial, State of California; I am over the age of
eighteen (18) years and am ... a party of the above-entitled action. My
state prison address is:

*Centinela State Prison, P.O. Box 901*, Imperial, CA 92251.

On *March 22*, 2007, I served the foregoing:

*Writ Of Habeas Corpus with attached*
*Exhibits A1-6; B1-11,*

_____
(Set forth the exact title of document (s) served.)

on the part (s) herein by placing a true copy (s) thereof, enclosed
in a sealed envelope (s), with postage thereon fully paid, in the
United States Mail, in a deposit box so provided at Centinela State
Prison, P.O.Box *901*, Imperial, CA 92251, addresses:

*Office Of The Attorney General*
*110 West "A" Street, Suite: 1100*
*San Diego, California 92101*

There is delivery service by United States Mail at the so addressed,
and/or there is regular communication by mail between the place of
mailing and the place so addressed. I declare under penalty of perjury
that the foregoing is true and correct.

Dated: *March 22*, 2007        *Eugene Hill*
DECLARANT/PRISONER

"EXHIBITS A1-6"

Name  Eugene Nill

Address  P.O. Box 901

Centinela State Prison

Imperial Valley, CA 92251

CDC or ID Number  E-59311 / A3-113L

**ENDORSED**  *"Exh. A-1"*

MAY 05 2006

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY VERONICA LOPEZ
DEPUTY

Superior Court, County
of El Centro California

(Court)

Eugene Nill
Petitioner(s)

vs.

G.J. Giurbino, Warden
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No.  EHC 00745

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page One of Seven

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 al seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

ENDORSED

JUL 1 1 2006

SUPERIOR COURT
IMPERIAL COUNTY
JOSE O. GUILLEN, CLERK
BY LYDIA M. ANTUNEZ
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF IMPERIAL

In re:                                    Case No.: EHC 00745

        EUGENE HILL,                      ORDER DENYING PETITION FOR WRIT OF
                                          HABEAS CORPUS
            On Habeas Corpus.

        In a verified petition filed in this Court, May 5, 2006, petitioner, currently incarcerated at

Centinela State Prison, alleges that the Department will not let him view some 41 pages of

confidential material from his C file in preparation for a June parole hearing.

        The Petition is denied. Petitioner has made no attempt to exhaust his administrative

remedies.

Dated: July 10, 2006

                                          _____
                                          Hon. Jeffrey B. Jones, Judge
                                          of the Superior Court

"*Exh, A-3*"

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED

Stephen M. Kelly, C...

OCT 0 4 2006

Court of Appeal Fourth District

| | |
|---|---|
| In re EUGENE HILL | D049119 |
| on | (Imperial County |
| Habeas Corpus. | Super. Ct. No. EHC 00745) |

THE COURT:

The petition for writ of habeas corpus has been read and considered by Justices Nares, Aaron and Irion.

Eugene Hill is serving a life sentence with the possibility of parole at Centinela State Prison. While incarcerated, Hill was convicted of battery on a correctional officer, resulting in the loss of work time and other credits, placement in a secured housing unit and transfer to another institution. He successfully challenged his battery conviction in a habeas corpus petition filed in the San Luis Obispo Superior Court. The court ordered the California Department of Corrections (CDC) to "restore Hill to the status quo ante and expunge all references to this incident from his Central File . . . ."

In May 2006 Hill filed a habeas corpus petition in the Imperial County Superior Court, claiming the CDC would not allow him to see 41 pages of confidential matter in his central file in preparation for a June 2006 parole hearing. The court denied the petition on the ground Hill made no attempt to exhaust his administrative remedies. Hill says this caused him to postpone his parole hearing until July 2007.

Hill acknowledges he cannot view the confidential information in his central file. (Cal. Code Regs., tit. 15, § 3402.) Thus, Hill wants this file, including confidential matters, mailed to "the court" so it can examine the file's contents to ensure nothing in it will possibly prejudice his right to a fair and impartial parole hearing. Specifically, Hill wants to verify that the references to the prison battery incident were expunged in compliance with the court's habeas corpus order.

(ENDORSED)
**FILED**
OCT 7 1996

LARRY D. REINER, EXECUTIVE OFFICER
By Karen L. Fusco
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN LUIS OBISPO

In the Matter of Application of:      )      NO.  HC 3426
                                      )
     EUGENE HILL,                     )      ORDER RE PETITION
                                      )      FOR WRIT OF HABEAS
For Writ of Habeas Corpus.           )      CORPUS
                                      )

---

Hill's habeas petition was filed 9/6/96. Although rambling and redundant it does demonstrate considerable effort and a level of specific legal knowledge greater than most ordinary citizens probably possess. In February, 1995, Hill was convicted of battering Correctional Officer R. Stephenson on 1/11/95. As a result of this conviction, Hill was assessed 150 days loss of worktime credit, 10 days DDU, 28 months SHU term and was transferred to Corcoran. The gist of the instant petition is Hill's assertion that he was wrongfully convicted. Although Hill admits that a physical altercation occurred with CO Stephenson, he insists that Stephenson had been harassing him for several days prior to the incident, specifically provoked him on 1/11/95 and was the aggressor;  Hill acted in self defense. Hill wants his conviction reversed, his lost credits restored and any references

1    to this incident expunged from his central file. While the court

2    fully appreciates the importance of protecting correctional staff

3    from violent inmates there is an obvious and significant

4    discrepancy in the evidence relied on by the hearing officer which

5    justifies reversing Hill's conviction.

6        CO Stephenson prepared a "Crime/Incident Report, Part C -

7    Supplement" and "Rules Violation Report" both dated 1/11/95. Both

8    reports state that AFTER Hill hit him (Stephenson) in his right

9    eye with his left fist he (Stephenson) activated his "Personal

10   Alarm Device" (PAD) summoning additional correctional staff to

11   Hill's cell.

12       Hill told the Investigating Officer that CO Stephenson tried

13   to strike Hill with his (Stephenson's) baton. When Hill grabbed

14   the baton, Stephenson activated his PAD. When Stephenson sensed

15   that the additional staff (his PAD summoned) were nearby,

16   Stephenson came at Hill and they "engaged each other by throwing

17   punches."

18       CO Whitlatch, CO Francisco and CO McGrath, all executed

19   "Crime/Incident Report, Part C - Supplements" stating that they

20   saw Hill strike CO Stephenson with a fisted hand AFTER they

21   arrived at Hill's cell in response to his (Stephenson's)

22   activation of his PAD. Inmate Nelson told the Investigating

23   Officer that "Officer Stephenson backed out of Hill's cell, pushed

24   his alarm device. Officer Stephenson re-entered Hill's cell once

25   responding staff arrived."

26       At best the statements of Whitlatch, Francisco, McGrath and

27   Nelson support Hill's argument that CO Stephenson was the

28   aggressor. At worst they render CO Stephenson's "Crime/Incident

1 Report, Part C - Supplement" and "Rules Violation Report" too

2 unreliable to be relied on as evidence to convict Hill.

3      Accordingly, the court grants Hill's petition. The Department

4 of Correction is ordered to restore Hill to the status quo ante

5 and expunge all references to this incident from his Central File

6 and to make a return to this court within thirty days confirming

7 that this order has been complied with.

8      Dated:  October 2 , 1996.

9

10 _____

11 CHRISTOPHER G. MONEY
JUDGE OF THE SUPERIOR COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

"EXHIBITS B1-17"

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:  DEC 1 8 2006

In re:  Hill, E-59311
Centinela State Prison
P.O. Box 731
Imperial, CA  92251-0731

IAB Case No.: 0604262        Local Log No.:  CEN  06-800

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner P. D. Vera, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that he filed a writ of Habeas Corpus regarding a 41 page confidential file that he was not allowed to view and was denied by the court who informed him that he must first exhaust his administrative remedies. He believes that the confidential information could possibly contain information that may be prejudice with respect to his parole hearing. He requests to review the 41 page confidential file.

**II    SECOND LEVEL'S DECISION:** The reviewer found that at the First Level of Review, the appellant was advised of the rules pertaining to the placement and retention of confidential documents within the central file (C-File). He was also advised that the confidential document was appropriately approved for placement into the confidential section of his C-File and signed by a Correctional Counselor III, Correctional Captain or above, as required. The appellant is advised that he does not have the right to view the confidential portion of his C-File. However, prior to the confidential information within his C-File being used against him, a CDC Form 1030, Confidential Information Disclosure Form, must be issued. At this point the information is not or has not been used against him in any way and therefore, no CDC Form 1030 has been issued. Since the appellant has appealed an action that has not yet taken place, his appeal will be screened back at the Second Level of Review (SLR) pursuant to California Code of Regulations, Title 15, Section (CCR) 3084.3(c)(3).

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:** The appellant is advised that he does not have the right to view the confidential portion of his C-File. However, prior to the confidential information being used against the appellant, a CDC Form 1030 must be issued. In this case, the confidential information is not being used against the appellant in any way and a CDC Form 1030 will not been issued. The confidential information was approved for placement in the appellant's Confidential Folder within his C-File. Before authorizing this placement the approving authority ensured that the memorandum contained the necessary elements to establish it as "confidential." Information which, if known to the inmate, would endanger the safety of any person or information which would jeopardize the security of the institution must be kept confidential. Pursuant to the CCR 3450(d), "No inmate or parolee shall prepare, handle, or destroy any portion of a departmental record containing confidential information as that term is defined in Section 3321." The appellant was appropriately informed of the Board of Parole Hearings process at the SLR regarding any disagreement with the Board report which shall be part of the material presented to the Board. The appellant has failed to present any new evidence or compelling argument to warrant a modification of the decision reached by the institution.

**B.    BASIS FOR THE DECISION:**
CCR: 3001, 3084.3, 3084.7, 3270, 3321, 3370, 3450
CDC Operations Manual Section: 13030.16, 72010.7.5, 72010.13.1

HILL, E-59311
CASE NO. 064262
PAGE 2

**C.  ORDER:**  No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, CEN
       Appeals Coordinator, CEN

Ex. 83

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region
1. USN-A
2.

Log No.
1. 06-800
2.

Category
3 (9-18-06)

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Eugene Hill | 859311 | Unassigned | A3/132 |

**A. Describe Problem:** Appellant filed a writ of Habeas Corpus, at out a "Forty-One-page Confidential file" that I am not allowed to view that possible would contain information that may be prejudice with respect to appellant's parole hearing that were scheduled July 7, 2006. The writ was denied July 11, 2006, because the Court said appellant made no attempt to exhaust (txr which I felt and still do is a court matter), his administrative remedies. My Re

If you need more space, attach one additional sheet.

**B. Action Requested:** to Review the Forty-one page Confidential file which contains information the the Board of Prison terms Commissioner's has a right to Review about me and the appellant is denied that right.

Inmate/Parolee Signature: Eugene Hill     Date Submitted: 7/14/20

**C. INFORMAL LEVEL (Date Received:** _____ )

PLEASE COMPLETE AT INFORMAL LEVEL
INMATE APPEALS OFFICE

**Staff Response:** Denied on 8-28-06, you were advised per title 15, Sec. 332(a)(1)(2)(3)(4) in part. The following type of information shall be classified as confidential: (1) information which if known to the inmate would endanger the safety of any person... classified for you must seek other avenues.

Staff Signature: A Shields (?)     Date Returned to Inmate: 8-1-06

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

See attached (dated 8-2-06)

INMATE APPEALS BRANCH  OCT 6 2006

Signature: Eugene Hill     Date Submitted: 8/2/08

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

06 AUG 16 AM 9:31
06 JUL 20 AM 8:22

OSP--CENTINELA INMATE APPEALS
OSP--CENTINELA INMATE APPEALS

Con't. A., page 2:

quested that the Superior Court Judge Jeffrey B. Jones, to either (1) order the Department of Correction, Centinela State Prison Warden, to let appellant examine this forty-one page Confidential file, or (2) that the Court would immediately order the Confidential file with all forty-one pages be mailed or faxed to the Court, and examine it Contents. Still the Court felt I needed to exhaust my administrative remedies, which the appellant feels the Court made a Reversible Error. Why the appellant decided to appeal the Court's denial with the Fourth Appellate Appeal Court, however if the Superior Court is right and the appellant is wrong, then why I also decided to appeal the matter by way of 602, and to exhaust appellant's administrative Remedies, so your speedy response will be greatly appreciated.

Thanks!

Isl Eugene Hill

D. Formal Level:                                    August 2, 2006

the appellant is not concern about something a inmate made or made not have said about one, or do the appellant want to endanger the safety of any person or persons; are jeopardize the security of the institution. I personally do not care about anything someone might have said that I have done or attempted to do. In appellant 18-years of incarceration my life has been on open book, and nothing I'd ever done was in secret or darkness. Nevertheless, I am concern about something made have been placed (are said) and put into appellant's Confidential file by a Correctional official, administrative or possible Warden that may be prejudice against the appellant when the board of prison term Commissioner's view my Confidential file. Which can be also illegal. I know one thing for sure, something not right when appellant's Confidential file Contains 41-page, which is a Book; especially when appellant have not being in any trouble within the 18-years of his incarceration prison, nor with staff. There are books that do not Contain 41-pages. And other than all the 602's that I have personally file myself, my Central file I doubt Contain much more than that - 41-pages.

                                                /s/ Eugene Hill

06 AUG 16 AM 9:37

COR--CENTINELA
INMATE APPEALS

"EXh. B-7"

Department of Corrections and Rehabilitation

State of California

# Memorandum

**Date** :   August 23, 2006

**To** :   **INMATE HILL**
**E59311 / A3-113L**

**Subject:** **APPEAL LOG NO CEN-A-06-00800**
**FIRST LEVEL RESPONSE**

**Appeal Decision:** **DENIED**

**Appeal Issue:** Case Information/Records

**Appeal Response:** Your appeal, the attachments, and the California Code of Regulations (CCR) Title 15, Department Operations Manual have been reviewed.

You make the allegation in your Inmate Appeal that there is a forty-one page confidential document in the Confidential Section of your Central File. You are contending that you want access to this document or to have the document available to the courts as the document could or might have information listed that could have an affect to your case that would go before the Board of Prison Terms.

You were interviewed on August 23, 2006 by Correctional Sergeant T. Richards. During the interview, you stated that you requested to see this confidential document and were denied. HILL then made a request to the court to see the confidential document and was Denied by the courts stating, "That he should exhaust his appeal process first before they (the courts) would consider his motion to review the confidential material (in his Central File)."

**California Code of Regulations, Title 15, Section (CCR) 3321, Confidential Material.**
(a) The following types of information shall be classified as confidential:
(1) Information which, if known to the inmate, would endanger the safety of any person.
(2) Information which would jeopardize the security of the institution.
(4) Information provided and classified confidential by another governmental agency.

(b)    Uses of specific confidential material:
(1) No decision shall be based upon information from a confidential source, unless other documentation corroborates information from the source, or unless the circumstance surrounding the event and the documented reliability of the source satisfies the decision maker(s) that the information is true.
(2) Any document containing information from a confidential source shall include an evaluation of the source's reliability, a brief statement of the reason for the conclusion reached, and a statement of reason for the conclusion reached, and a statement of reason why the information or source is not disclosed.
(3) The documentation given to the inmate shall include:
(A) The fact that the information came from a confidential source.
(B) As much of the information as can be disclosed without identifying its source including an evaluation of the source's reliability: a brief statement of the reason for the conclusion reached; and, a statement of reason why the information or source is not disclosed.

(c)    A Confidential source's reliability may be established by one or more of the following criteria:
(1) The confidential source has previously provided information which has proved to be true.
(2) Other confidential source(s) have independently provided the same information.
(3) The information provided by the confidential sou4c is self-incriminating.
(4) Part of the information provided is corroborated through investigation or by information provided by non-confidential sources
(5) The confidential source is the victim.

(d)    Filing confidential material:
(1) Only case information meeting the criteria for confidentiality shall be files in the confidentially shall be filed in the confidential section of the inmate's central file.
(2) Proposed confidential shall be reviewed, signed and dated by a staff personal at the Correctional Counselor III, Correctional Captain or higher staff level to indicate approval of the confidential designation and placement in the confidential section of the central file.

## CDC Operations Manual Section (DOM) 62090.8, INSTITUTIONAL BOARD REPORTS AND PREPARATIONS:

Institutional Board reports are the responsibility of correctional counselors utilizing the formats described in this section. Board reports shall be completed in a thorough, concise and timely manner. Counselors may attend Board hearings as a learning process or if requested by an inmate, but are not expected to attend all hearings.

Non-correctional counselor staff may prepare reports under the close guidance of a supervising counselor. The completed Board report shall be signed by the non-correctional counselor employee and countersigned by the counselor or program administrator overseeing the work after the administrator has reviewed the report to ensure it validity ad completeness.

Before preparing a summary evaluation for the Board, the entire central file (central file) and other pertinent files, such as the medical or psychiatric file, shall be reviewed. Any erroneous data shall be corrected. Source documents required by the Board or considered important for the Board's attention shall be removed, reviewed, have important content underlined, and be routed with the Board report to the Classification & Parole Representative.

## DOM 62090.9, INMATE COPY OF BOARD REPORTS:

Prior to a scheduled appearance, the inmate shall be given a copy of all ___non-confidential___ portions of any report prepared for the Board

Inmates shall be afforded an opportunity to discuss any aspect of the report they question with the counselor. If an issue is not resolved, it shall be clearly identified and efforts made to resolve it shall be noted. Such difference shall be documented in an addendum report to the Board, a copy of which shall also be sent to the inmate. The inmate may also prepare a statement regarding their disagreement with the report which shall become part of the material presented to the Board.

The information provided by the confidential source was approved for placement in the Central File (C-File) based on a review at the CCIII level or higher as meeting the criteria per Title 15, Section 3321. The information contained in the document that you are requesting to review meets the criteria for confidentially under the rules of Title 15, Section 3321 (a).

Based on the aforementioned, your appeal is **Denied** at the First Level.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instruction on your appeal form.


S. VALENZUELA
Facility A, CC II
Centinela State Prison


D. PARAMO
Associate Warden Complex I
Centinela State Prison

cc: Inmate Appeals
    C-Files

"Exh. B10"

f. Level:                              September 4, 06

"Dissatisfied would be an understatement!"

For the appellant to have never been in any trouble within the 15-years of his incarceration with that of inmates or staff, nor any gangs ties. There must be something illegal when there, is a 41-page confidential file about me. Or monstrous lies perpetuated about me, that by law, the appellant have the right (once known) to challenge the means and method that he is sure will have [if having already] a great impact, that may be prejudice with respect to the board of prison terms Commissioners. Appellant don't need a crystal ball or be a rocket scientist to know something is wrong with this 41-page confidential. And that the Board of prison terms commissioners has the right to veiw this file and appellant cannot surely de put me at a disadvantage to never be paroled. Appellant have already question the standards of this [BPT] profession per writ of Habeas Corpus - regarding their honesty as to their "real" reasons deny him of parole date. It has multiplied sixfold learning about this 41-page [BOOK] confidential file.

Eugene Sill

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date:

SEP 1 9 2006

To:    Hill, E-59311
       Centinela State Prison

Subject: SECOND LEVEL APPEAL RESPONSE
              LOG NO.:    CEN-A-06-00800

APPEAL DECISION: **APPEAL SCREENED BACK**

ISSUE:

It is the appellant's position that a forty-one page confidential document exists within his C-File which he is not allowed to view. Since the Board of Prison Terms (BPT) can and will review it, he claims that he should be able to review it in order to defend against any adverse conditions due to the confidential information.

The appellant requests on appeal that he is allowed to review the forty-one page confidential file that the BPT will be reviewing.

INTERVIEWED BY: T. Richards, Correctional Sergeant, at the First Level of Review.

REGULATIONS: The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3084.3. Screening Appeals.**
    (a) Appeals coordinator. Each institution head and parole region administrator shall designate an appeals coordinator, at a staff position level no less than correctional counselor II or parole agent II, who shall prior to acceptance for review screen each appeal originating in their area for compliance with these regulations, and shall coordinate the processing of appeals.
    (c) Rejection criteria. An appeal may be rejected for any of the following reasons:
    (1) The action or decision being appealed is not within the jurisdiction of the department.
    (2) The appeal duplicates the appellant's previous appeal upon which a decision has been rendered or is pending.
    <u>(3) **The appeal concerns an anticipated action or decision.**</u>
    (4) The appellant has not included evidence of attempt to resolve the grievance at the informal level, unless the informal level is waived by these regulation.
    (5) The appeal is incomplete or necessary supporting documents are not attached.
    (6) Time limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints.

HILL, E-59311
CASE NO. 06-00800
PAGE 2

    (d) Written rejection. When rejecting an appeal, the appeals coordinator shall complete an Appeals Screening Form, CDC Form 695 (rev. 5-83), explaining why the appeal is unacceptable. If rejection is based on improper documentation, the form shall provide clear instructions regarding further action the inmate must take to qualify the appeal for processing.

**3321. Confidential Material.**
    (a) The following types of information shall be classified as confidential:
    (1) Information which, if known to the inmate, would endanger the safety of any person.
    (2) Information which would jeopardize the security of the institution.
    (3) Specific medical or psychological information which, if known to the inmate, would be medically or psychologically detrimental to the inmate.
    (4) Information provided and classified confidential by another governmental agency.
    (b) Uses of specific confidential material.
    (1) No decision shall be based upon information from a confidential source, unless other documentation corroborates information from the source, or unless the circumstances surrounding the event and the documented reliability of the source satisfies the decision maker(s) that the information is true.
    (2) Any document containing information from a confidential source shall include an evaluation of the source's reliability, a brief statement of the reason for the conclusion reached, and a statement of reason why the information or source is not disclosed.
    (3) The documentation given to the inmate shall include:
    (A) The fact that the information came from a confidential source.
    (B) As much of the information as can be disclosed without identifying its source including an evaluation of the source's reliability; a brief statement of the reason for the conclusion reached; and, a statement of reason why the information or source is not disclosed.
    (c) A confidential source's reliability may be established by one or more of the following criteria:
    (1) The confidential source has previously provided information which proved to be true.
    (2) Other confidential source have independently provided the same information.
    (3) The information provided by the confidential source is self-incriminating.
    (4) Part of the information provided is corroborated through investigation or by information provided by non-confidential sources.
    (5) The confidential source is the victim.
    (d) Filing confidential material.
    (1) Only case information meeting the criteria for confidentiality shall be filed in the confidential section of an inmate's/parolee's central file.
    (2) Proposed confidential documents shall be reviewed, signed, and dated by a staff person at the correctional counselor III, parole agent III, correctional captain, or higher staff level to indicate approval of the confidential designation and placement in the confidential section of the central file.

HILL, E-59311
CASE NO. 06-00800
PAGE 3

(3) Classification committee shall review the material filed in the confidential folder of each case considered. Any material not approved but designated confidential shall be removed from the folder and submitted to the designated staff person for review and determination.

## CDC Operations Manual Section (DOM) 62090.8. INSTITUTIONAL BOARD REPORTS AND PREPARATIONS

Institutional Board reports are the responsibility of correctional counselors utilizing the formats described in this section. Board reports shall be completed in a thorough, concise and timely manner. Counselors may attend Board hearings as a learning process or if requested by an inmate, but are not expected to attend all hearings.

Non-correctional counselor staff may prepare reports under the close guidance of a supervising counselor. The completed Board report shall be signed by the non-correctional counselor employee and countersigned by the counselor or program administrator overseeing the work after the administrator has reviewed the report to ensure its validity and completeness.

Before preparing a summary evaluation for the Board, the entire central file (central file) and other pertinent files, such as the medical or psychiatric file, shall be reviewed. Any erroneous data shall be corrected. Source documents required by the Board or considered important for the Board's attention shall be removed, reviewed, have important content underlined, and be routed with the Board report to the Classification & Parole Representative.

## DOM 62090.9. INMATE COPY OF BOARD REPORTS

Prior to a scheduled appearance, the inmate shall be given a copy of all non-confidential portions of any report prepared for the Board.

Inmates shall be afforded an opportunity to discuss any aspect of the report they question with the counselor. If an issue is not resolved, it shall be clearly identified and efforts made to resolve it shall be noted. Such differences shall be documented in an addendum report to the Board, a copy of which shall also be sent to the inmate. The inmate may also prepare a statement regarding their disagreement with the report which shall become part of the material presented to the Board.

Appellant claims that there is a forty-one page confidential document within his C-File which will be reviewed by the BPT and therefore, he requests on appeal to be allowed to review it himself in order to prepare a defense against any of the information contained within it.

At the First Level of Review, appellant was advised of the rules pertaining to the placement and retention of confidential documents within the C-File. He was also advised that the confidential document was appropriately approved for placement into the Confidential Section of his C-File and signed by a CCIII or above, as required.

At the Second Level of Review, appellant is advised that he does not have a right to view the confidential portion of his C-File. However, prior to the information within his C-File being used against him, a CDCR 1030 must be issued. At this point, the information is not or has not been used against him in any way and therefore no CDCR 1030 has been issued.

*Exh. B-14"*

HILL, E-59311
CASE NO. 06-00800
PAGE 4

Since appellant has appealed an action that has not yet taken place, his appeal will be screened back at the Second Level of Review, per Title 15, Section 3084.3 (c) (3), noted above.

DECISION:  The appeal is denied due to it being screened back to appeallant..

The appellant is advised that this issue may be re-submitted when it is no longer an anticipated action.

V. M. ALMAGER
Warden
Centinela State Prison

*"Exh. B15"*

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*September 25, 2006*

**HILL, E59311**
*FAB3T1000000113L*

Log Number: CEN-A-06-00800
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

***You are appealing an action or decision that has not yet occurred. Such issues are not appealable until they happen. (CCR 3084.3(c)(3)).***

Appeals Coordinator
Centinela State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

f6. Level:                                     October 1, 2006


It is always Something New with the Appeal Coordinator in their Response. Now that the appellant's Reached f6. Level, the Response he Received 9/28/06, Re: Screening at the Second Level states now; "You are appealing an action or decision that has not yet Occurred. Such issues are not appealable until they Happen." And had the "Audacity" to cite CCR-3084.3 (c)(3). Nevertheless, Appeal Coordinator is wrong! This 41-page (Book) has been there within appellant's Central File (without my Knowledge) at every Parole Hearing. And appellant is Confidence that the Board of hisew terms Commissioner's has without a doubt Read not one, but all 41-pages of this Confidential file. And a file appellant isn't allowed to View. And if Centinela State Prison administrators, or You Department of Correction Administrators expect for the appellant to Believe that that 41-page Confidential file possible Could Contain information's that may be pre-judices with respect to appellant's parole Hearing, and that those BPH Commissioners have not used it without his Knowledge as another weigh-in-factor of unsuitability to deny him parole. Try to Convince the Courts, 'cause it want Work Here with appellant.

                                    Eugene Hill


E-59311
A3-1132.
P.O. Box 901
Imperial Valley, CA 92251


"there is a total of 18-pages of
this appeal BC2."

## VERIFICATION

STATE OF CALIFORNIA        )On this day, LISTED COURT PLEADINGS WERE GIVEN TO
                           )
COUNTY OF IMPERIAL         )PRISON OFFICIAL FOR FILING/MAILING

(C.C.P. SEC. 446 & 2015.5; 28 U.S.C. sec 1746)

I, _Eugene Hill_ declare under penalty of perjury that:
I am the _Party_ in the above-entitled action; I have read
the foregoing documents and know the contents thereof; and the
same is true of my own knowledge except as to matters stated
therein upon information and belief, and as to those matters, I
believe they are true.

Executed this _3_ day of _October_, 20 _06_, at Centinela
State Prison, P.O. Box _901_, Imperial, Ca. 92251.

[Signature]_Eugene Hill_
DECLARANT/PRISONER

*****************************************

## PROOF OF SERVICE BY MAIL
(C.C.P. sec. 1013(a) & 2015.5; 28 U.S.C. sec 1746.)

I _Eugene Hill_, am a resident of Centinela
State Prison, in the County of Imperial, State of California;
I am over the age of eighteen (18) years and am—— a party of
the above-entitled action. My state prison address is:
_Centinela State Prison, P.O.Box 901_, Imperial, Ca. 92251.

On _October 3_, 20 _06_, I served the foregoing:
_602 appeal form of a total of 13-pages_

_____

(Set forth the exact title of document(s) served.)

on the party(s) herein by placing a true copy(s) thereof, enclosed
in a sealed envelope(s), with postage thereon fully paid, in the
United States Mail, in a deposit box so provided at Centinela
State Prison, P.O. Box _901_, Imperial, Ca. 92251, addressed
as follows: _Director of Correction And Rehabilitation_
_P.O. Box 942883_
_Sacramento, California 94283-0001_
_Attn: Chief Inmate Appeals_

There is delivery service by United states Mail at the so
addressed, and/or there is regular communication by mail between
the place of mailing and the place so addressed. I declare under
penalty of perjury that the foregoing is true and correct.

DATED: _October 3_, 20 _06_        _Eugene Hill_
                                    DECLARANT/PRISONER

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Eugene Hill

**V.M. Almager**

FILED
APR - 1 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

3254    1983
FILING FEE PAID
Yes    No
IFP MOTION FILED
Yes    No
COPIES SENT TO
Court    Pros

**(b) COUNTY OF RESIDENCE OF FIRST LISTED**  Kings
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Eugene Hill
PO Box 9
Avenal, CA 93204
E-59311

**ATTORNEYS (IF KNOWN)**

'08 CV 0600 JM POR

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 28 U.S.C. 2254

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  |  | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. |  | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  |  |  |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):  JUDGE

Docket Number

DATE  4/1/2008

SIGNATURE OF ATTORNEY OF RECORD