# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE HILL,<br><br>　　　　　　　　　　Petitioner,<br><br>vs.<br><br>V. M. ALMAGER, Warden,<br><br>　　　　　　　　　　Respondent. | Civil No.   08cv600 JM (POR)<br><br>**ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION** |

Petitioner is a state prisoner proceeding with a habeas corpus action filed pursuant to 28 U.S.C. § 2254 attacking a conviction from the Superior Court of Van Nuys, California. Upon reviewing the petition, the Court finds that this case should be transferred in the interest of justice.

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). The application in the present matter attacks a conviction in the Superior Court of Van Nuys, Los Angeles County, California, which is within the jurisdictional boundaries of the United States District Court for the Central District Western Division. *See* 28 U.S.C. § 84(c)(2). Moreover, Petitioner is presently confined at Avenal State Prison, which is located in Kings County and is within the jurisdictional boundaries of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b). Thus,

1  jurisdiction exists in the Central or Eastern District; and not in the Southern District.

2  Although this Court does not have jurisdiction over the action, "[u]nder a provision of the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of jurisdiction the court shall transfer the action to any other such court in which the action could have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citing *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is "time-consuming and justice-defeating." *Miller*, 905 F.2d at 262 (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Therefore, pursuant to 28 U.S.C. § 1631, this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C. § 2241(d).

13  When a habeas petitioner is challenging a state conviction, the district court of the district in which a petitioner was convicted and sentenced is a more convenient forum because of the accessibility of evidence, records and witnesses. Thus, it is generally the practice of the district courts in California to transfer habeas actions challenging a state conviction to the district in which the Petitioner was convicted. Any and all records, witnesses and evidence necessary for the resolution of Petitioner's contentions are more readily available in Los Angeles County, which is thus a more convenient forum. *See Braden*, 410 U.S. at 497, 499 n.15 (stating that court can of course, transfer habeas cases to the district of conviction which is ordinarily a more convenient forum); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

22  //
23  //
24  //
25  //
26  //
27  //
28  //

1      Therefore, in the furtherance of justice, **IT IS ORDERED** that the Clerk of this Court
2  transfer this matter to the United States District Court for the Central District of California,
3  Western Division.  *See* 28 U.S.C. § 2241(d).  **IT IS FURTHER ORDERED** that the Clerk of
4  this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.
5  DATED:  April 3, 2008

                                              Hon. Jeffrey T. Miller
                                              United States District Judge